IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| EQUAL EMPLOYMENT | ) | |
|---|---|---|
| OPPORTUNITY COMMISSION | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:17-cv-809-HFS |
| | ) | |
| KESSINGER HUNTER | ) | |
| MANAGEMENT COMPANY, INC. | ) | |
| | ) | |
| Defendant | ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission has instituted this action alleging that Defendant Kessinger/Hunter Management, Inc. ("KHMI") discriminated against Richard Shipe ("Shipe") because of his disability when it failed to provide him reasonable accommodation and terminated him because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). KHMI denies any liability under the ADA and specifically denies: (1) that Shipe was disabled; (2) that Shipe was discriminated against in any way; and (3) that KHMI failed to provide Shipe with a reasonable accommodation. The parties have advised the Court that they wish to resolve this suit without the expense, delay, and burden of further litigation.

It is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of the ADA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all

matters in controversy in this lawsuit, and (iv) the terms of this Decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. INJUNCTION

1. KHMI and its owners, members, officers, directors, agents, employees, successors, and assigns, and all persons in active concert or participation with them, are permanently enjoined from terminating its employees because of a disability and from failing to make reasonable accommodation to the known physical or mental limitations of otherwise qualified applicants or employees with disabilities, including, but not limited to, diabetes. *See* 29 C.F.R. § 1630.2 (j)(3)(iii).

## II. MONETARY RELIEF

2. In the event of non-payment, it is acknowledged that this judgment is a debt owed to and collectible by the EEOC or its proxy, notwithstanding that Richard Shipe is the ultimate beneficiary of this relief.

3. The receipt of monetary relief by Richard Shipe shall not be conditioned on his agreement to: (a) maintain as confidential the facts and/or allegations underlying this case or the terms of this Decree; (b) waive his statutory right to file a charge with any governmental agency; (c) refrain from applying for employment with Kessinger Hunter; (d) agree to a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

Page **2** of **16**

Case 4:17-cv-00809-HFS   Document 37   Filed 08/31/18   Page 2 of 16

4. Upon entry of this Decree, the EEOC will provide to KHMI a signed copy of the release set forth as Exhibit 1.

5. Within fifteen (15) days of entry of this Decree, KHMI shall pay the gross sum of $50,000.00 to Richard Shipe by check and send by certified mail to an address provided by the EEOC, with $35,000.00 designated as back pay and $15,000.00 designated as emotional distress damages, and with an itemized statement setting forth each amount paid and any deductions made.

6. KHMI shall deduct only the employee's share of FUTA, FICA, and applicable federal, state, and local tax withholdings, taxes for the tax year during which the payment is made from the amount designated as back pay and shall make no deductions from the amount designated as compensatory damages.

7. Within five (5) business days of making the payment required by paragraph 5 above, KHMI will furnish a copy of each check, itemized statement, and any accompanying correspondence to the EEOC at SLDOdecreemonitoring@eeoc.gov.

8. No later than January 31, 2019, KHMI will issue to Richard Shipe an IRS Form W-2 for the amount designated as back pay (less applicable deductions) and an IRS Form 1099 for the amount designated as compensatory damages.

### III. OTHER RELIEF

#### A. Human Resources Director

9. KHMI's Human Resources Director shall:

a. receive additional training on the ADA and accommodation issues from an outside reputable source on or before December 31, 2018;

b. develop, implement, and monitor KHMI's policies and practices to ensure compliance with the ADA, including a provision of reasonable accommodations to the known physical and mental limitations of otherwise qualified employees or applicants with disabilities;

c. review all denials of accommodations to the known physical and mental limitations of otherwise qualified employees or applicants with disabilities and assess whether such denials are in compliance with the ADA;

d. be the final authority within KHMI on ADA accommodation denials;

e. ensure that no accommodation request is denied without KHMI initiating an interactive process with the individual with a disability to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations;

f. ensure that no accommodation request is <u>denied</u> without referring to outside resources, such as the Job Accommodation Network, that might make reasonable accommodation possible;

      g.    document information related to all denials of accommodation requests, including the requestor's identifying information, the nature of the request, and the reason(s) for the denial; and

      h.    communicate to the requestor orally, in person, and/or in writing (email is acceptable) the reason(s) for any denial of an accommodation request.

10. Within twenty (20) days of the adoption of the ADA policy in paragraph 11, KHMI's Human Resources Director shall issue a statement to all employees announcing the Human Resource Director's ADA duties and role, and expressing the company's full support of the Americans with Disabilities Act and employees' requests for reasonable accommodations.

**B.    Policies**

11. Within thirty (30) days of entry of this Decree, KHMI shall adopt a written ADA policy which includes, at a minimum:

      a.    A strong and clear commitment to a workplace free of discrimination based on disability;

      b.    A statement that all employees and applicants with disabilities may request an accommodation;

      c.    A clear and easy procedure for employees and applicants to follow when requesting accommodation;

d. A clear procedure for supervisory, management, and human resources personnel to follow when receiving requests for accommodation;

e. To whom (by name and title) employees should make any request for an accommodation;

f. A statement that reasonable accommodations are provided to employees without respect to where or how the employee became disabled (including whether the employee was injured at work);

g. A statement that employees are not required to provide a "full release" from their medical provider in order to return to work, though KHMI may request documentation from a medical provider to specify medical restrictions or for other purposes allowed by law;

h. Assurance that the company will not retaliate against any employee who seeks an accommodation under the policy and will not interfere with any employee's rights under the ADA, including the right to reasonable accommodation.

12. Within twenty (20) days of the adoption of the ADA policy described in paragraph 11 above, KHMI shall direct all employees to the location of the new policy on its electronic system and provide a copy to the EEOC at SLDOdecreemonitoring@eeoc.gov.

### C. Training

13. On or before February 28, 2019 and annually during the term of this Decree, KHMI shall require all human resources staff, supervisors, and managers to attend approximately two hours of live, in-person training regarding ADA compliance and KHMI's ADA and reasonable accommodation policy. The training shall cover, at a minimum:

   a) Overview and scope of the ADA;

   b) Definition of a disability;

   c) Understanding essential job functions and reasonable accommodations;

   d) Drug and alcohol protections; and

   e) KHMI's specific policies and procedures pertaining to the ADA;

   f) The supervisor's role in:

       i. implementing KHMI's ADA policy and ensuring compliance with the ADA;

       ii. in receiving requests for reasonable accommodation and otherwise offering reasonable accommodation when they become aware of physical or mental limitations of otherwise qualified employees or applicants with disabilities;

       iii. guidance regarding how to understand, evaluate, and comply with KHMI's obligation to provide leave, as necessary, under the ADA, the FMLA, and applicable state and local laws;

  iv.  guidance regarding how to understand, evaluate, and comply with KHMI's obligation to provide reasonable accommodation to the known physical or mental limitations of otherwise qualified employees, including, where applicable, "light duty" work, independent of KHMI's practice of providing "light duty" work to employees injured on the job.

14. On or before February 28, 2019 and annually during the term of this Decree, KHMI shall require all employees to attend one of multiple training sessions during which KHMI will explain its ADA policies and procedures. The training shall cover, at a minimum:

 a. An explanation of the ADA policy described in paragraph 11 above;

 b. An explanation of the role of Human Resources Director;

 c. An explanation of employees' right to receive, and KHMI's obligation to provide, reasonable accommodation to the known physical or mental limitations of otherwise qualified individuals with disabilities;

 d. A description of the different types of accommodation that may be available, including but not limited to job restructuring, part-time or modified work schedules, leave; reassignment, and modifications of equipment or devices;

e. An explanation of the difference between leave under the FMLA, leave provided as an accommodation under the ADA, and leave granted to employees injured on the job;

f. An explanation of the processes by which employees may request reasonable accommodation, including the names and job titles of persons to whom such requests should be directed.

15. KHMI shall require all employees attending the training sessions described in paragraphs 13 and 14 above to sign a roster certifying their attendance at the training, including each attendee's printed name, job title, job location, and the date of the training.

16. Within thirty (30) days after each training required in this Decree, KHMI will submit a copy of the signed attendance roster to SLDOdecreemonitoring@eeoc.gov and the name and address of the person who provided the training, and a list of any employees who did not attend. Any employee who has not attended annual training will receive copies of written materials explaining all the topics included in the training.

17. At least fifteen (15) days prior to the training sessions described in paragraphs 13 and 14 above, Kessinger Hunter shall provide to the EEOC the name and curriculum vitae, biography, online profile, or resume of the person(s) providing the training, and copies of all materials and presentations to be used and / or distributed as part of the training sessions. The materials submitted to the EEOC will be reviewed by the EEOC to ensure compliance that the topics contained in paragraphs 13 and 14 above are contained in such materials. Should the EEOC believe that a topic is missing, the

EEOC will contact KHMI or its authorized representative to address the issue for future training presentations.

### D. Notice Posting

18. Within fifteen (15) days of entry of this Decree and annually during its term, KHMI's CEO shall sign the Notice attached as Exhibit 2, and KHMI shall post copies of the signed notice at every KHMI work site in a physical area readily accessible to employees and job applicants and where other employee notices are posted.

## IV. REPORTING AND MONITORING

19. KHMI shall send all reports required by this Decree to the EEOC by email at SLDOdecreemonitoring@eeoc.gov.

20. Within one hundred eighty (180) days of entry of this Decree and every six (6) months thereafter, KHMI shall send the EEOC a list of all employees discharged during the preceding six months who KHMI terminated for failing to return to work following a medical leave of absence or whose discharge was in lieu of KHMI providing an accommodation, and all documents reflecting the discharge and/or request for an accommodation and why an accommodation was not granted. Provided, however, KHMI is not required to provide the EEOC with documents protected by the attorney-client privilege or work-product doctrine. For each employee listed, KHMI shall state the person's name; last four digits of social security number; job title; job location; description of the employee's physical or mental limitation precipitating the leave of absence; description of the accommodation(s) requested and/or proposed; name(s) of all

supervisors, managers, or other employees involved in the accommodation and/or discharge decision; and date of discharge.

21. Within one hundred eighty (180) days of entry of this Decree and every six months thereafter, KHMI shall send the EEOC a list of all employees who have complained of discrimination on the basis of disability in the previous six months and all documents reflecting each complaint and KHMI response and/or investigation. For each employee listed, KHMI shall state the person's name; last four digits of social security number; job title; job location; description and date of the employee's complaint, including the names of all other employees involved; description of KHMI's response to the complaint and any actions taken; and the name(s) of all supervisors, managers, or other employees involved in the complaint. Provided, however, KHMI is not required to provide the EEOC with documents protected by attorney-client privilege or work-product doctrine.

22. Kessinger Hunter shall maintain such records as are necessary to demonstrate compliance with the provisions of this Decree, specifically as required in paragraphs 9-18 above, and to verify the reports submitted. During the term of this Decree and upon request by the EEOC, Kessinger Hunter shall make available for inspection and copying any records related to compliance with this Decree, including but not limited to records related to accommodation requests and complaints of disability discrimination. Any requests for records shall specifically identify the records that are being requested.

## V. DISPUTE RESOLUTION

23. If any party to this Consent Decree believes that any other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party within thirty (30) business days of the alleged non-compliance and shall afford the alleged non-compliant party thirty (30) business days to address the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied. If the alleged non-compliant party has not addressed the alleged non-compliance to the satisfaction of the complaining party within thirty (30) business days, the complaining party may apply for appropriate relief to the U.S. District Court for the Western District of Missouri.

## V. TERM AND EFFECT OF DECREE

24. A copy of this Consent Decree shall be provided to KHMI's present and future owners, directors, members, officers, managers, agents, successors and assigns, and any successor(s) shall provide a copy of this Decree to any person or organization who proposes to acquire or merge with it or any proposed successor, prior to any such acquisition, merger, or succession.

25. The term of this Decree shall end three (3) years after the date it is entered by the Court. During the Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcing the terms of this Decree.

26. At any time during the term of this Decree, the EEOC may petition this Court to enforce any term of this Decree. Should the EEOC determine that KHMI has not

Page **12** of **16**

Case 4:17-cv-00809-HFS   Document 37   Filed 08/31/18   Page 12 of 16

substantially complied with any term of this Decree, the Court shall grant appropriate relief.

27. Each party shall bear its own costs and fees.


August 31, 2018 /s/ Howard F. Sachs
Date UNITED STATES DISTRICT JUDGE

**BY CONSENT**:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **KESSINGER/HUNTER MANAGEMENT, INC.** |

_____  _____
ANDREA G. BARAN                                                        PRESIDENT
Regional Attorney

C. FELIX MILLER                                                             **SEYFERTH BLUMENTHAL &**
Supervisory Trial Attorney                                            **HARRIS LLC**

St. Louis District Office                                                 _____
1222 Spruce Street, Room 8.100                           Charlie J. Harris, Jr., MO Bar #44115
St. Louis, Missouri 63103                                          4801 Main Street – Suite 310
(314) 539-7910 (telephone)                                      Kansas City, Missouri 64112
(314) 539-7895 (facsimile)                                       Telephone: (816) 756-0700
andrea.baran@eeoc.gov                                          Facsimile: (816) 756-3700
felix.miller@eeoc.gov                                                Email: charlie@sbhlaw.com

_____
Dayna F. Deck
Senior Trial Attorney
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
(913) 551-5848 (telephone)
(913) 551-6957 (facsimile)
dayna.deck@eeoc.gov

**EXHIBIT 1**

# RELEASE BY RICHARD SHIPE

In consideration for the gross sum of Fifty Thousand Dollars ($50,000.00), paid to me by Defendant, KHMI, Inc., in connection with the resolution of *EEOC v. Kessinger Hunter Management Company*, I waive my right to recover for any claims of discrimination and/or harassment under the Americans with Disabilities Act, as amended, that I had against KHMI, Inc. prior to the date of this release and that were included in the EEOC's complaint in *EEOC v. Kessinger Hunter Management Company*, 4:17-cv-809- HFS.

Shipe acknowledges that he is not a Medicaid/Medicare recipient and none of the amounts paid hereunder are subject to Medicaid/Medicare subrogation. To the extent that Shipe's representations related to his Medicaid/Medicare status are inaccurate or misleading, Shipe agrees to indemnify and hold harmless KHMI and its agents, representatives, officers, supervisors, managers, directors, attorneys, and insurers from any and all claims, demands, liens, subrogated interests and causes of action of any nature or character that have been or may in the future be asserted by Medicaid/Medicare and/or persons or entities acting on behalf of Medicaid/Medicare.

Date: _____

_____
Signature

**EXHIBIT 2**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Kansas City Area Office**

# NOTICE TO EMPLOYEES

**Federal law says that your employer, including a supervisor, manager or coworker, cannot treat you differently on the basis of your:**

**RACE**
**NATIONAL ORIGIN COLOR**
**RELIGION**
**SEX**
**DISABILITY**
**OR**
**AGE (FORTY AND OVER)**

It is also illegal to treat someone who applies for a job differently because of one of these reasons.

Kessinger/Hunter Management, Inc. supports and will comply with such Federal laws in all respects and will not take any action against employees because they have exercised their rights under the law.

For individuals with limitations because of disability, KHMI will:
- Provide reasonable accommodations to employees' known limitations
- Talk to the employee and discuss options for a reasonable accommodation and make every effort to provide reasonable accommodations to an employee's limitations, including accommodating essential functions of the job

Applicants and employees may report instances of discrimination to Dayna Deck, Equal Employment Opportunity Commission,
400 State Ave., Suite 905, Kansas City, KS 66101 (913-551-5848).
For more information about discrimination and how to file a report with the EEOC go to www.eeoc.gov.

_____            _____
**Date**                                        **Name [Signed by CEO]**